UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THERESA LYNNE MURPHY,<br><br>Plaintiff,<br><br>v.<br><br>BANK OF NEW YORK MELLON, et al.,<br><br>Defendants. | Case No. 13-cv-02424-JST<br><br>**ORDER DISMISSING ACTION FOR LACK OF SUBJECT MATTER JURISDICTION**<br><br>Re: ECF Nos. 1, 23 |

In this action for state-law claims arising out of the foreclosure of a residential property, Plaintiff Theresa Murphy moves for a preliminary injunction barring the following four defendants from conducting a trustee's sale with respect to a property to which she allegedly holds title: the Bank of New York Mellon, Mortgage Electronic Registration Systems ("MERS"), Merscorp, and the Wolf Firm.  Because the Court lacks subject matter jurisdiction over this action, the action is DISMISSED WITHOUT PREJUDICE.

In the complaint, Murphy alleges that the Court has jurisdiction over her state-law claims under the diversity jurisdiction statute, 28 U.S.C. Section 1332, because she is a citizen of California and Defendants the Bank of New York Mellon, Merscorp, and MERS are citizens of New York, Delaware, and Delaware respectively.  Compl. ¶ 2, ECF No. 1.  In her jurisdictional statement, Murphy omits the citizenship of the fourth defendant, the Wolf Firm.  The Wolf Firm is a citizen of California according to the allegations in other parts of the complaint.  See id. ¶ 8 ("The Wolf Firm, a Law Corporation, is a California corporation with its principal place of business located at 2955 Main Street, Second Floor, Irvine, CA  92614.").

A district court may exercise jurisdiction over an action in which there is diversity of citizenship and the amount in controversy exceeds $75,000.  28 U.S.C. § 1332(a).  "The diversity

United States District Court
Northern District of California

1   jurisdiction statute, as construed for nearly 200 years, requires that to bring a diversity case in

2   federal court against multiple defendants, each plaintiff must be diverse from each defendant."

3   Lee v. Am. Nat. Ins. Co., 260 F.3d 997, 1004 (9th Cir. 2001).  Here, Murphy is not diverse from

4   one of the four defendants, namely the Wolf Firm.  Though Murphy does not explicitly name the

5   Wolf Firm as a defendant in the portions of the complaint that explain the basis for jurisdiction or

6   that describe the identities of the parties, it is clear from the remainder of the complaint that

7   Murphy seeks relief from the Wolf Firm, as Murphy asserts most of the claims in the complaint

8   against the Wolf Firm as well as the other Defendants.  Accordingly, because complete diversity

9   of citizenship does not exist, this action is DISMISSED WITHOUT PREJUDICE for lack of

10  subject matter jurisdiction.  The temporary restraining order issued by the Court on May 31, 2013,

11  and all deadlines and hearings in this case, are VACATED.  Murphy may re-file her claims in

12  state court.

13      **IT IS SO ORDERED**.

14  Dated: June 12, 2013

15

16                    JON S. TIGAR
                      United States District Judge

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court
Northern District of California

2